NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 12-865

STATE OF LOUISIANA

VERSUS

KRISTYN PAIGE HOFFPAUIR

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 81424
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

Edward John Marquet
Attorney at Law
Post Office Box 53733
Lafayette, LA 70505-3733
(337) 237-6841
COUNSEL FOR DEFENDANT /APPELLANT:
    Kristyn Paige Hoffpauir

**Hon. Asa Allen Skinner**
**District Attorney, 30th JDC**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Terry Wayne Lambright**
**Attorney at Law**
**118 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PETERS, J.**

On July 21, 2010, a grand jury indicted the defendant Kristyn Paige Hoffpauir with second degree murder, a violation of La.R.S. 14:30.1, and conspiracy to commit second degree murder, a violation of La.R.S. 14:26 and La.R.S. 14:30.1. Pursuant to a plea agreement, on June 6, 2011, the State of Louisiana (state) reduced the second degree murder charge to the responsive charge of manslaughter, a violation of La.R.S. 14:31; dismissed the conspiracy to commit second degree murder charge. The state also filed a bill of information charging the defendant with obstruction of justice, a violation of La.R.S. 14:130.1, and conspiracy to commit manslaughter, a violation of La.R.S. 14:26 and La.R.S. 14:31. The new charges bear the trial court docket number that is now before us in this appeal. In exchange for this action by the state, the defendant entered a plea of guilty to the three remaining charges, and agreed to assist in the prosecution of her co-defendant, Justin Sizemore.

At the June 6, 2012 sentencing hearing, the trial court sentenced the defendant to serve thirty years at hard labor on the manslaughter conviction, twenty years at hard labor on the conspiracy to commit manslaughter charge, and twenty-five years at hard labor on the obstruction of justice charge. The trial court ordered that the thirty and twenty year sentences run concurrent with one another, and that the twenty-five year sentence run consecutive to the other two sentences. In her motion to reconsider the sentences imposed, the defendant asserted only that sentences were excessive and improper. After the trial court rejected her reconsideration motion, the defendant perfected two separate appeals. In the first appeal, which bears the trial docket number of the original grand jury indictment, the defendant asserted that that the trial court erred in imposing the twenty-five year sentence to run consecutively with the thirty year sentence imposed for the

manslaughter conviction because the trial court failed to provide "the required 'particular justification'" for the consecutive nature of the sentence. In *State v. Hoffpauir*, 12-862 (La.App. 3 Cir. ___/___/___), we rejected that argument.

After both appeals were docketed with this court, the defendant filed a motion to consolidate the appeals for the limited purpose of briefing the arguments. This court granted that motion on August 7, 2012, and the defendant filed her brief accordingly. However, in her brief, the defendant asserted the same single assignment of error in both appeals: "The trial court improperly imposed a consecutive 25-year sentence for Obstruction of Justice to an imposed 30-year sentence for Manslaughter without providing the required 'particular justification' and therefore the 55-year sentence of imprisonment was excessive."

For the reasons set forth in *State v. Hoffpauir*, 12-862 (La.App. 3 Cir. ___/___/___), we again find no merit in this assignment of error.

## DISPOSITION

We affirm the defendant's sentences for the manslaughter and obstruction of justice convictions in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.